IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SHAMAR KENTRAIL BURNS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-CV-599-WKW |
| | ) | [WO] |
| SELENA PATTERSON, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff Shamar Kentrail Burns, an inmate proceeding *pro se*, initiated this action by filing a 42 U.S.C. § 1983 complaint (Doc. # 1) and an application for leave to proceed *in forma pauperis* (Doc. # 2) on July 16, 2026.[1] (Doc. # 1.) However, he did not submit certified copy of his prisoner trust fund account statement as required by 28 U.S.C. § 1915(a)(2). Accordingly, on July 23, 2026, the Clerk of Court issued a Notice of Deficiency directing Plaintiff to submit his account statement within 14 days of the Notice's date. (Doc. # 3.) Following an extension of the Notice's deadline (*see* Docs. # 5, 6), Plaintiff submitted his account statement (Doc. # 7).

[1] "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). Absent evidence to the contrary, the court "assume[s] that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014). Plaintiff signed and dated his complaint "7/16/26." (Doc. # 1 at 4.) Therefore, the complaint is deemed filed on July 16, 2026, even though it was not received by the court until July 22, 2026.

Based on the financial information submitted by Plaintiff, an initial partial filing fee of $42.46 was assessed on August 19, 2026. (Doc. # 8 ("August 19 Order").) The August 19 Order set a deadline of September 9, 2026, for Plaintiff to pay the initial partial filing fee and expressly cautioned that his failure to comply would result in dismissal of this case. (Doc. # 8 at 2, 5.) Per Plaintiff's request (Doc. # 9), the deadline was extended to September 30, 2026, by Text Order entered on September 3, 2026. (Doc. # 10 ("September 3 Order").)

The extended deadline has passed, and Plaintiff has not paid the initial partial filing fee as directed. Because Plaintiff has failed to comply with the August 19 and September 3 Orders, this case is due to be dismissed without prejudice. A district court "may dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up), *cert. denied*, --- S. Ct. ----, 2026 WL 1203391 (May 4, 2026). However, the Eleventh Circuit has instructed that before dismissing an action for a prisoner's failure to pay a court-ordered initial partial filing fee, the district court must take reasonable steps to determine whether the prisoner attempted to comply with the order, such as by authorizing payment by prison officials. *See Wilson v. Sargent*, 313 F.3d 1315, 1320–21 (11th Cir. 2002) (per curiam). Giving Plaintiff a reasonable opportunity to respond to a show-cause order satisfies this requirement. *See id.* at 1321.

Based on the foregoing, it is ORDERED that Plaintiff shall show cause, if there be any, on or before **October 19, 2026**, why this action should not be dismissed without prejudice for his failure to pay the $42.46 initial partial filing fee as directed.

If funds have been dispersed from Plaintiff's account in the time since the initial partial filing fee was assessed, and the funds are no longer available to him, Plaintiff must arrange for payment of the fee upon receipt of additional funds in his account. If Plaintiff is unable to pay the initial partial filing fee, he must inform the court and request an extension of time to pay the fee.

Plaintiff is reminded that he must inform the court and Defendant (or, if represented, Defendant's counsel) of any change in his address within 14 days following such change of address. Plaintiff is CAUTIONED that his failure to comply with any provision of this Order will, without further notice, result in dismissal for failure to prosecute and comply with an order of the court.

DONE this 5th day of October, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE