IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SHAMAR KENTRAIL BURNS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-CV-599-WKW |
| | ) | [WO] |
| SELENA PATTERSON, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff Shamar Kentrail Burns, an inmate proceeding *pro se*, initiated this action by filing a 42 U.S.C. § 1983 complaint (Doc. # 1) and an application for leave to proceed *in forma pauperis* (Doc. # 2). However, he did not submit a certified copy of his prisoner trust fund account statement as required by 28 U.S.C. § 1915(a)(2). Accordingly, on July 23, 2026, the Clerk of Court issued a Notice of Deficiency directing Plaintiff to submit his account statement within 14 days of the Notice's date. (Doc. # 3.) Following an extension of the Notice's deadline (*see* Docs. # 5, 6), Plaintiff submitted his account statement (Doc. # 7).

Based on the financial information submitted by Plaintiff, an initial partial filing fee of $42.46 was assessed on August 19, 2026. (Doc. # 8 ("August 19 Order").) The August 19 Order set a deadline of September 9, 2026, for Plaintiff to pay the initial partial filing fee and expressly cautioned Plaintiff that his failure to

comply would result in dismissal of this case. (Doc. # 8 at 2, 5.) Per Plaintiff's request (Doc. # 9), the deadline was extended to September 30, 2026, by Text Order entered on September 3, 2026. (Doc. # 10 ("September 3 Order").) The extended deadline passed, and Plaintiff did not pay the initial partial filing fee as directed. By Order dated October 5, 2026, Plaintiff was instructed to show cause why this action should not be dismissed for his failure to pay the initial partial filing fee. (Doc. # 11 ("October 5 Order").) The October 5 Order set a deadline of October 19, 2026, and warned Plaintiff that his failure to comply would result in dismissal. (Doc. # 11 at 3.) The deadline set by the October 5 Order has passed, and Plaintiff has not paid the initial partial filing fee nor shown cause for his failure to do so.

To date, Plaintiff has failed to comply with the August 19, September 3, and October 5 Orders. Consequently, this action will be dismissed without prejudice.

A district court "may dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up), *cert. denied*, 146 S. Ct. 2622 (2026). The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon

disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion”).

A court’s dismissal under its inherent authority “can be either with or without prejudice to refiling.” *McNair*, 143 F.4th at 1306. Dismissal with prejudice as a sanction “is warranted only upon a ‘clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.’” *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306. “A dismissal *without* prejudice, by contrast, doesn’t require a finding of willfulness or bad faith because its consequences are less severe.” *McNair*, 143 F.4th at 1306.

Because Plaintiff has failed to comply with the August 19, September 3, and October 5 Orders, despite their express directives and warnings, this action will be dismissed without prejudice. No lesser sanction would be effective.

Based on the foregoing, it is ORDERED that this action is DISMISSED without prejudice.

Final judgment will be entered separately.

DONE this 26th day of October, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE